JUAN BENÍTEZ GÓMEZ, demandante y apelante, *v.* TOMASA CALZADA BONANO, demandada y apelada.

No. 3761.—*Visto:* Mayo 4, 1926. *Resuelto:* Mayo 5, 1927.

PRINCIPAL Y AGENTE—LA RELACIÓN—TERMINACIÓN—REVOCACIÓN DEL MANDATO—ARRENDAMIENTO DE SERVICIOS Y MANDATO.—Cuando existiendo dos contratos, uno sobre arrendamiento de servicios y otro sobre mandato, aquél no es independiente ni principal a éste, el hecho de que el primero fije un término para el mismo no altera la regla de la revocabilidad del mandato.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito), declarando sin lugar demanda sobre indemnización de daños y perjuicios por incumplimiento de contrato, con costas. *Confirmada.*

*Juan de Guzmán Benítez,* abogado del apelante; *Adolfo García Veve* y *Juan B. Soto,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los hechos necesarios para resolver esta apelación interpuesta por el demandante contra sentencia que declaró sin lugar su demanda son los siguientes:

Por escritura pública No. 2 de primero de febrero de 1924 Da. Tomasa Calzada Bonano y Dn. Juan Benítez Gó-

mez celebraron un contrato por el cual la primera arrendó los servicios del segundo para que administrase sus bienes y los de sus hijos menores de edad por término de seis años y mediante la remuneración al administrador del diez y ocho por ciento de las rentas de dichos bienes, que podría cobrar mensualmente.   En esa escritura se hizo constar que los poderes y facultades que tendría el administrador se enumerarían en la escritura de poder que con la misma fecha otorgaría doña Tomasa Calzada Bonano y que de acuerdo con ellos ejercería la administración.

En la misma fecha otorgó dicha señora ante el mismo notario la escritura que tiene el No. 3 en la que, haciendo referencia al contrato anterior y para definir claramente las facultades de Dn. Juan Benítez Gómez como administrador de los expresados bienes, le confirió poder con facultades amplísimas para administrar sus bienes y los de sus hijos, que son menores de edad.

En virtud de esas escrituras Don Juan Benítez Gómez administró dichos bienes durante los meses de febrero, marzo y abril de dicho año y cobró mensualmente la remuneración convenida, pero en el último mes Doña Tomasa Calzada revocó el poder que había conferido al Sr. Benítez Gómez y la administración de los bienes pasó a otra persona.   Aunque en la escritura de revocación del poder no se expresa causa para ella, sin embargo, había ocurrido un hecho que disgustó a Doña Tomasa: el matrimonio de una hija suya de diez y ocho años de edad con el apoderado Don Juan Benítez Gómez.

Después de esos hechos Don Juan Benítez Gómez demandó a Doña Tomasa Calzada Bonano reclamándole el pago de $23,573.40, por lo que le correspondería como administrador hasta el término de su contrato de servicios, y los intereses legales de dicha suma, a razón de $345 mensuales según vaya venciendo cada mes desde el último día de mayo de 1924 y los sucesivos hasta el día de su pago.

Entre los motivos alegados por el demandante para sostener esta apelación hay tres que se refieren a la cuestión fundamental de derecho en este pleito y que pueden ser considerados conjuntamente.   Son los siguientes:

"III.—La Corte erró al declarar que del examen de las escrituras de arrendamiento de servicios y de mandato resulta que el nexo jurídico entre el demandante y la demandada no es otro que el característico entre mandante y mandatario.

"IV.—La Corte erró al no declarar que el contrato principal y sustancialmente el único entre las partes era el de arrendamiento de servicios y que el contrato de mandato era sólo un accesorio del anterior.

"V.—La Corte erró al establecer que la demandada tenía derecho a revocar el mandato que había conferido al demandante para definir sus funciones en el desempeño del arrendamiento de servicios."

La teoría del apelante para la acción que ejercita es que si bien los mandatos son revocables a voluntad del mandante, sin embargo, no pueden ser revocados de ese modo cuando son complemento de otro contrato principal como lo es en este caso el de arrendamiento de servicios por cierto tiempo y por precio determinado.

Dice nuestro Código Civil que el mandato es un contrato por el que una persona se obliga a prestar algún servicio o a hacer alguna cosa por cuenta o encargo de otra; que a falta de pacto en contrario se supone gratuito; y que uno de los modos de acabarse el mandato es por su revocación.   Artículos 1611, 1613 y 1634.   Por consiguiente, de acuerdo con nuestro derecho actual, el mandato puede ser retribuído y puede ser revocado a pesar de ser remunerado por convenio o por la presunción de serlo cuando el mandatario tenga por ocupación el desempeño de servicios de la especie a que se refiere el mandato; siendo el fundamento de la revocabilidad en el mandato que éste es una extensión de la personalidad del mandante porque el mandatario obra por cuenta y por encargo del mandante,

siendo al mismo tiempo un acto de confianza.  Sobre este particular dice el Sr. Manresa en sus comentarios al Código Civil Español, al tratar el artículo 1732 de aquel código que es igual al 1634 del nuestro, lo siguiente:

"Según el art. 1732, uno de los modos de extinguirse el mandato es la revocación del poder conferido.  Es decir, que creada la relación jurídica por el consentimiento de las partes, basta que una de ellas *quiera* para que acabe el mandato.  A este *querer* del mandante se llama *revocación*.  Significa esto una excepción a los principios generales, y su fundamento estriba en que siendo la representación y la confianza bases cardinales del contrato, es la voluntad del representado la que puede poner término a la representación.  Siendo además un acto de confianza, lógicamente debe cesar cuando esta confianza desaparezca.  Si así no fuera, se desnaturalizaría el contrato, convirtiendo la representación en una verdadera enajenación de la personalidad, en algo que pugna con los principios del derecho moderno, y que significaría al persistir con ese carácter de irrevocabilidad como una supervivencia, como diría Taylor, de la servidumbre de la gleba de las behetrías medioevales.  Por eso, sin duda, autores y civilistas ilustres, reputan la revocabilidad como nota esencial del mandato; y proscribiendo como opuesto a su naturaleza toda estipulación en contrario, estiman como axiomático el aforismo de *Finita voluntatae, finitum est mandatum*.  Abundando en estas doctrinas, Bertier decía: 'que cuando un hombre confía sus intereses a otro, está sobrentendida la duración del encargo mientras la confianza dure, pues el mandante, ni a perpetuidad ni siquiera por tiempo determinado, enajena el pleno ejercicio de sus derechos, cesando el mandato cuando al representado plazca notificar su voluntad en este sentido al mandatario, quien carece de derecho para oponerse a ella.'  Este concepto absoluto de la revocabilidad, lo explica categóricamente el art. 1733, al declarar que el mandante puede revocar el mandato a su voluntad."  Tomo XI, págs. 556–557.

Es cierto que a pesar del derecho de revocabilidad declarado en el Código algunos comentaristas admiten excepciones al derecho de revocación del mandato, diciendo el mismo comentarista Sr. Manresa ser excepción cuando el mandato se haya dado, no sólo en interés del mandante, sino en interés de éste y de un tercero, o interesando por

igual al mandante y al mandatario, y cuando el mandato constituya una cláusula de un contrato sinalagmático, o sea que esté involucrado en otra convención cualquiera porque seguirá la condición de ésta, no será revocable sino por el mutuo disenso y se regirá por los principios que en este punto rijan la obligación principal a la que aparece subordinado.      También el Sr. Sánchez Román dice que puede ser aparente excepción cualquier pacto de irrevocabilidad que sea consecuencia de obligación contraída por el mandante o mandantes entre sí, siendo varios, o con una tercera persona, distinta del mandatario, en virtud de la cual, y para llevar a término una convención contractual, bilateral o plurilateral, de interés común, de la que forme parte más o menos principal el otorgamiento de un mandato, se comprometan los contratantes que la celebran a que no se revoque dicho mandato o subsista mientras no se ultimen los fines capitales de aquella convención, por no ser tal mandato constituído sólo en utilidad del mandante o mandantes sino de todos entre sí respecto de los otros o del mandante comprometido a esa irrevocabilidad por causa onerosa con un tercero.

El Código Civil que consigna el principio de la revocabilidad del mandato no contiene excepciones a esa regla y si son excepciones a ella las mencionadas por los comentaristas citados es cuestión que no tenemos necesidad de declarar ahora porque el examen que hemos hecho de los documentos que sirven de fundamento al apelante para su reclamación nos convence de que este caso no está comprendido en ninguno de los previstos por los autores citados como excepción al precepto de la ley.

El apelante entiende que aquí existe un contrato principal, que es  el de arrendamiento, al que está subordinado el de mandato, pero nosotros no lo entendemos así pues aunque fueron dos los documentos que se otorgaron en realidad sólo existió un contrato de mandato por el cual la

apelada confirió su representación al apelante para que le prestase sus servicios en la administración de sus bienes y de los de sus hijos menores de edad, mediante cierta retribución convenida; mandato que era necesario para que el mandatario pudiera llevar a efecto la administración de esos bienes, demostrándose esto también por el hecho de que en el documento independiente sobre ,arrendamiento de servicios se hizo depender el mismo de las facultades que se le habían de dar en la escritura de mandato, resultando así éste el principal y no el documento de arrendamiento de servicios. Y que esto es así, se demuestra también porque pudo ser otorgado un solo documento conteniendo el mandato, su remuneración y el tiempo por el cual se contrataba, sin que a pesar de esta última estipulación no pudiera ser revocado el mandato dada la naturaleza jurídica del mismo y el precepto del artículo 1634 antes citado, que concede al mandante el derecho de revocar el mandato sin distinguir de si es gratuito o retribuído, no obstante saber el legislador que puede ser retribuído y de establecer el caso en que se supone retribuído, y como la ley no distingue no debemos hacer distinciones.

Será bueno citar algunas palabras del comentarista Sr. Manresa en apoyo de esta conclusión. Dice así:

"Otra de las cuestiones que pueden suscitarse se refiere a si existe alguna distinción a los efectos de la revocabilidad entre el mandato gratuito y el retribuído—Los civilistas modernos están unánimes en afirmar que, cuando se trata del mandato gratuito, no ofrece duda ninguna el ser la voluntad del mandante lo bastante poderosa para extinguir el contrato; pero cuando se trata de un mandato remunerado, como lo son la mayoría en nuestra época, parecería injusta, puesto que no se trata sólo de los intereses y de los beneficios del poderdante, sino de romper la estipulación y perjudicar al mandatario.

"Para quienes profesamos el principio de que allí donde la ley no distingue, no cabe distinguir, la cuestión no lo es desde el punto de vista legal. El art. 1733, sin reservas declara, que el mandante puede revocar el mandato *a su voluntad*, y siendo así tanto da que

sea gratuito como remunerado. Reconocida la exactitud de esta interpretación, se pregunta si el mandatario tendrá derecho a una indemnización por el perjuicio experimentado al cesar en la comisión. Parece que en rigor de derecho no debe corresponderle, porque legalmente del ejercicio de un derecho por el mandante no se puede pretender a título alguno satisfacción de un perjuicio por el mandatario, pero la equidad puede aconsejar esa indemnización, habiéndolo reconocido así alguna jurisprudencia extranjera. Esto no obstante, desde el punto de vista del derecho positivo, único a que debe atender el intérprete, nada importa ese reconocimiento, porque tanto valdría cambiar la posición de la cuestión transportándola desde el derecho positivo al derecho constituyente, de lo que es a lo que debe ser.'' 11 Manresa, Comentarios al Código Civil Español, págs. 558-559.

En verdad el documento sobre arrendamiento de servicios no contiene un contrato independiente del de mandato, ni es principal a éste, ya que dependía de las facultades que concediera el mandato, y, por tanto, aunque fijaba un término para el mismo no podía alterar la regla de la revocabilidad del mandato de modo que se llegara a la conclusión de que la apelada había enajenado su personalidad por determinado número de años, por lo que tenemos que llegar a la conclusión de que *debe ser confirmada* la sentencia apelada.